The order below is hereby signed.

Signed: April 22 2012

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TURNER BENNETT, JR. and | ) | Case No. 12-00247 |
| SANDRA BROWN, | ) | (Chapter 7) |
| | ) | **Not for Publication in** |
| Debtors. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DIRECTING
DEBTORS TO SUPPLEMENT THEIR REQUEST
FOR EXEMPTION FROM THE PREPETITION CREDIT COUNSELING REQUIREMENT

On exhibit D to the voluntary petition, the debtors have requested a determination by the court pursuant to § 109(h)(4) that they both qualify for an exemption from the credit counseling requirement due to disability (Dkt. No. 3). The debtors are required to file a motion explaining the disability of each debtor so that the court can determine whether to exempt them from the prepetition credit counseling requirement.

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling

agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(4), the court can exempt a debtor from the credit counseling requirement if the court determines that the debtor is unable to complete the requirement because of disability.  Section 109(h)(4) defines "disability" as meaning "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under" § 109(h)(1).

The debtors have filed a single exhibit D and checked the box indicating that they both qualify for an exemption from the credit counseling requirement due to disability.  Exhibit D states that the debtors must file an accompanying motion explaining the disability, so that the court can determine if § 109(h)(4) applies.  Without more information, the court is unable to evaluate whether the debtors are so physically impaired as to be unable to participate in the required prepetition credit counseling briefing.  The court being unable to determine whether the debtors qualify for an exemption from the requirement of § 109(h)(1), it is

ORDERED that within 14 days after entry of this order, the debtors shall supplement their request for a determination by the court under § 109(h)(4) with a description, *for each debtor*, of the physical impairment that leaves each debtor unable, after

2

reasonable effort, to participate in an in person, telephone, or internet credit counseling.  It is further

ORDERED that if the debtors fail to supplement their request for exemption in accordance with the foregoing and to the satisfaction of the court, the court shall deny the debtors' request for an exemption from the prepetition credit counseling requirement and shall have no choice but to dismiss this case based upon the ineligibility of each of the debtors to be a debtor in bankruptcy pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]


Copies to:
Debtors; chapter 7 trustee; Office of United States Trustee.